IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GORDON HUNTINGTON HARPER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-97 |
| | § | |
| SCOTTOW A. KING and | § | |
| CAMILLE C. KING, | § | |
| | § | |
| Respondents. | § | |

### PETITION AND MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

Pursuant to section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Gordon Huntington Harper ("Movant") respectfully requests that this Court enter an Order confirming the arbitration award (the "Award") dated August 2, 2021, rendered by the panel in the FINRA Dispute Resolution, Inc. ("FINRA") arbitration captioned *Scottow A. King and Camille C. King v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, FINRA Case No. 19-03553 (the "Arbitration") and enter final judgment thereon.

### THE PARTIES

1.      Movant Gordon Huntington Harper is a resident of Harris County, Texas.

2.      Respondents Scottow A. King and Camille C. King (the "Kings") are residents of Dallas County, Texas.

### VENUE AND JURISDICTION

3.      This Court has "federal question" jurisdiction over this dispute, pursuant to 28 U.S.C. § 1331, because the Statement of Claim in the Arbitration included a count seeking damages under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b).  *See*

1

*Quezada v. Bechtel OG&C Const. Servs., Inc.*, 946 F.3d 837 (5th Cir. 2020) (holding that a federal district court has jurisdiction over a motion to vacate an arbitration award where there would have been federal question jurisdiction over the underlying controversy, had it been filed in court).

4.     The Court has personal jurisdiction over Respondents, due to their residence in this District, and Movant, by his consent.

5.     Venue is proper in the U.S. District Court for the Northern District of Texas pursuant to 9 U.S.C. § 9 because the arbitration proceeding subject to the motion to confirm was heard in Dallas County and the arbitration agreement between the parties does not specify a particular jurisdiction for confirmations of arbitral awards.

6.     The Motion is brought within one (1) year after the delivery of the Award to Movant, and the Award has not been vacated or modified by any court of competent jurisdiction and is still in full force and effect.  *See* Ex. 1, *Declaration of Daniel J. Ball* ("Ball Decl.") filed herewith ¶ 12; 9 U.S.C. § 9.

## SUMMARY OF RELEVANT FACTS AND AWARD

7.     On December 2, 2019, the Kings filed a Statement of Claim against Merrill with FINRA, alleging, among other things, that recommendations in the Harvest Collateral Yield Enhancement options overlay investment strategy violated federal securities law, specifically Section 10(b) of the Securities Exchange Act.  *Id.* ¶ 3.

8.     Movant was not named as a respondent in the Arbitration, but the Statement of Claim made reference to the Movant, as Mr. Harper was the financial advisor to the Kings.  Merrill filed with the Central Registry Depository ("CRD") documents reporting the Kings' claims and associating those claims with Movant.  *Id.* ¶ 4.

9. Through the CRD, which is available in various forms to regulators and to the public, a person looking at the records of Movant can see a brief description of the complaint of the Kings, as well as the sum paid by Merrill to resolve that complaint. *Id.* ¶ 5.

10. On January 22, 2020, Merrill filed an Answer to the Statement of Claim in the Arbitration. *Id.* ¶ 6.

11. On May 24, 2021, after settling the arbitration claim for good and adequate consideration, the Kings dismissed their claims in the Arbitration. *Id.* ¶ 7.

12. On June 9, 2021, on behalf of Movant, Merrill filed a Motion for Expungement seeking to expunge from Mr. Harper's CRD record the Kings' complaint that was subject to the Arbitration. *Id.* ¶ 8.

13. FINRA scheduled a hearing on the Motion for Expungement on July 21, 2021. The hearing was conducted telephonically through the FINRA Dispute Resolution office in Dallas, Texas before three Public Arbitrators. During the hearing, Movant presented evidence and testimony in support of the expungement request. The Kings were provided with notice of the expungement hearing but did not attend. *Id.* ¶ 9.

14. After considering the pleadings, the testimony and evidence presented at the hearing, the Arbitrator Panel issued an award (the "Award") recommending the expungement of all reference to the Arbitration from Movant's CRD record (reflected as Occurrence Number 2056891). *Id.* ¶ 10.

15. On August 2, 2021, FINRA delivered a copy of the Award to each party. *Id.* ¶ 11. A copy of the Award is attached as **Exhibit A** to the Ball Declaration.

16.     On September 13, 2021, FINRA waived its right under FINRA Rule 2080 to be named as a party to this proceeding. *Id.* ¶ 14.  A copy of FINRA's letter of waiver is attached as **Exhibit B** to the Ball Declaration.

## ARGUMENT AND AUTHORITIES

17.     It is well established that a court's review of the arbitration process is extremely limited. *See Oxford Health Plans LLC v. Sutter,* 569 U.S. 564, 568 (2013).  The court "may not reconsider an award based on alleged errors of fact or law or misinterpretation of the contract." *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests*, *Inc.*, 138 F.3d 160, 164–65 (5th Cir. 1998) (citing *Exxon Corp. v. Baton Rouge Oil & Chem. Workers Union*, 77 F.3d 850, 853 (5th Cir. 1996)).  "In other words, [the court] must affirm the arbitrator's decision if it is rationally inferable from the letter or the purpose of the underlying agreement." *Executone Info. Sys. v. Davis,* 26 F.3d 1314, 1320 (5th Cir. 1994) (citing *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990), *cert. denied*, 501 U.S. 1206 (1991)).

18.     This Application is timely, and there are no grounds for modifying, correcting, or vacating the Award.

## CONCLUSION

**WHEREFORE,** Movant seeks an Order confirming the Award recommending expungement of Occurrence Number 2056891, which will cause FINRA to expunge all reference to said Occurrence Number from Mr. Harper's CRD record.

*[Remainder of page intentionally left blank.]*

Date:  January 14, 2022

Respectfully submitted,

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
T. (214) 466-4000
F. (214) 466-4001

Susan Stradley*
susan.stradley@morganlewis.com
Texas Bar No. 24117102
**Morgan, Lewis & Bockius LLP**
1000 Louisiana, Suite 4000
Houston, TX 50802
T: 713.860.5000
F: 713.890.5001

Daniel J. Ball**
daniel.ball@morganlewis.com
**Morgan, Lewis Bockius LLP**
One Federal Street
Boston, MA 02110
T: 617.341.7700
F: 617.341.7800

*Attorneys for Gordon Huntington Harper*

*\*To be permanently admitted to the Northern District of Texas*

*\*\*Additional counsel who will seek pro hac vice admission*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1(b)(3), I certify that a conference with Respondents was not possible prior to this filing in light of their arbitration counsel's statement to us that he no longer represents the Kings and that we should contact Respondents directly.

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 14th day of January 2022, I served a copy of the foregoing upon Respondents to their home address:

> Scottow A. King and Camille C. King
> 2724 Purdue Avenue
> Dallas, Texas 75225-7909

*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello
