UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GORDON HUNTINGTON HARPER, § § *Petitioner,* § § v. § § SCOTTOW A. KING and CAMILLE § C. KING, § § *Respondents.* § § | Civil Action No. 3:22-cv-00097-X |

## MEMORANDUM OPINION AND ORDER

Gordon Huntington Harper moved for a default judgment against defendants Scottow King and Camille King ("the Kings"). [Doc. No. 10]. For the reasons below, the Court **GRANTS** the motion for default judgment.

### I. Factual Background

In December 2019, the Kings initiated a Financial Industry Regulatory Authority ("FINRA") arbitration against Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill"). Harper was the Kings' financial advisor, so the Kings' case-initiating documents mentioned him—even though they didn't bring any claims against him. In May 2021, the Kings dismissed their claims after settling with Merrill.

Here's the problem for Harper: Merrill reported the Kings' lawsuit to the Central Registry Depository ("CRD") and mentioned that the Kings' suit related to Harper. Consequently, people looking through the CRD can see that the Kings' suit related to Harper. Presumably, Harper doesn't want that blight on his CRD record.

1

Merrill thus asked a FINRA arbitration panel to expunge the Kings' complaint from Harper's CRD record. The panel held a hearing, which the Kings failed to attend. The panel then issued an award recommending expungement of all references to the Kings' arbitration from Harper's CRD record (the "Award").

In this Court, Harper sought to confirm the Award. Although Harper properly served the Kings, they have failed to appear. Harper thus obtained a clerk's entry of default, and now moves for a default judgment.

## II. Legal Standards

When a respondent fails to appear, Federal Rule of Civil Procedure 55(b)(2) provides that a petitioner may "apply to the court for a default judgment." To determine whether to enter a default judgment, this Court first examines whether a default judgment is appropriate under the circumstances.[1] Relevant factors include (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether a good-faith mistake or excusable neglect caused the default; (5) the harshness of a default judgment; and (6) whether the court would grant a motion to set aside the default judgment.[2] Second, the Court appraises whether the petitioner's pleadings provide a sufficient basis for its claims.[3]

---

[1] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[2] *Id.*

[3] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III. Analysis

Because Harper served the Kings with the petition, which they have ignored for over eight months, the Court deems Harper's well-pled allegations admitted.[4] The Court must assess (A) the procedural appropriateness of a default judgment, and (B) the sufficiency of Harper's petition.

#### A. Procedural Appropriateness

At the outset, three potential bars to a default judgment are absent. First, Harper provides an affidavit averring that the Kings are not juveniles, incompetent, or service members, so none of those factors bars a default judgment. Second, because Harper moves for a default judgment against all the defendants, there are no partial default concerns. Third, this Court need not hold a hearing because "no hearing is necessary" where a default-judgment petitioner seeks something other than "monetary damages."[5] Because Harper seeks only confirmation of an arbitration award, no hearing is necessary.[6]

Turning to the six relevant factors, the Court finds that (1) there are no material facts in dispute because the respondents failed to file any responsive pleadings; (2) there has not been substantial prejudice; (3) the respondents' continued

---

[4] *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (recognizing that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[5] *Wells Fargo Bank, N.A. v. Dixon*, No. 3:20-CV-00745-X, 2021 WL 1250340, at *2 (N.D. Tex. Apr. 5, 2021) (Starr, J.).

[6] *See Hiscox Ins. Co., Inc. v. Blue Star Recycling, LLC*, No. 3:20-CV-01924-X, 2022 WL 1265926, at *2 (N.D. Tex. Apr. 28, 2022) (Starr, J.) ("While Rule 55 allows for hearings when a party has not appeared, it does not command them.").

failure to participate in this litigation clearly establishes grounds for the default; (4) there is no reason to think the respondents are acting under a good-faith mistake or excusable neglect; (5) a default judgment is not harsh because the judgment would merely confirm a FINRA arbitration award; and (6) the pleadings, lack of response, and consequent failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. The Court concludes that a default judgment is appropriate under these circumstances.

### B. Sufficiency of Harper's Petition

Next, the Court must assess the merits of Harper's claims. Although the respondents, by virtue of their default, are deemed to have admitted Harper's well-pled allegations, the Court still reviews the petition to determine whether Harper established a viable claim for relief.[7]

Harper "seeks an Order confirming the Award recommending expungement" of the Kings' suit "from Mr. Harper's CRD record."[8] "[J]udicial review of an arbitration award is extraordinarily narrow."[9] Under the Federal Arbitration Act, a district court may vacate an arbitration award only

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of the party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so

---

[7] *See Nishimatsu*, 515 F.2d at 1206.

[8] Doc. No. 1 at 4.

[9] *Salinas v. McDavid Houston-Niss, L.L.C.*, 831 F. App'x 692, 695 (5th Cir. 2020) (cleaned up).

4

imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[10]

Those are the "*only* grounds upon which a reviewing court may vacate an arbitrative award."[11] Courts cannot vacate an arbitration award "for a mere mistake of fact or law."[12] "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it."[13]

Because the Kings have failed to respond, they have not cited any grounds on which this Court could vacate the award. Harper asserts that "there are no grounds for modifying, correcting, or vacating the Award."[14] The Court agrees and finds no grounds to vacate the award.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Harper's motion for default judgment and **CONFIRMS** the Award.

**IT IS SO ORDERED** this 18th day of October, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] 9 U.S.C. § 10(a).

[11] *Salinas*, 831 F. App'x at 695 (emphasis added) (cleaned up).

[12] *Id.* (cleaned up).

[13] *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016).

[14] Doc. No. 1 at 4.